CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 20 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MALCOLM MUHAMMAD,<br>    Plaintiff, | Civil Action No. 7:14-cv-00424 |
| v. | **MEMORANDUM OPINION** |
| HAROLD CLARKE, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>      Senior United States District Judge |

Malcolm Muhammad, a Virginia inmate proceeding pro se, filed a Complaint pursuant to 42 U.S.C. § 1983, naming various staff of the Virginia Department of Corrections ("VDOC") and the Keen Mountain Correctional Center ("KMCC") as defendants. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submission, I dismiss the Complaint without prejudice as frivolous.

Plaintiff complains that on May 2 and 16, 2014, either KMCC mailroom or business office staff opened two envelopes from this court not in Plaintiff's presence, which allegedly violates VDOC Operating Procedure 803.1 ("OP").[1] One of Plaintiff's prison grievances was deemed founded because mailroom staff did not log and process one of the envelopes as legal mail. Plaintiff concludes that Defendants violated the First, Fourth, and Fourteenth Amendments of the United States Constitution when staff violated the OP by opening legal mail not in his presence.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21

---

[1] Plaintiff proffers that the OP says, "All incoming legal correspondence shall be opened and searched for contraband . . . only in the presence of the offender to whom it is addressed."

(1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

Plaintiff pursues indisputably meritless legal theories in this action. First, it is well established that the fact prison officials have not followed their own independent policies or procedures cannot succeed in a § 1983 action. See, e.g., United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990). Second, Plaintiff cannot proceed against Defendants in this action under respondeat superior. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). Plaintiff acknowledges that he must describe an actual injury to state an access to courts claim. However, he disregards the clearly established law and argues that the injury is merely staff's viewing the "confidential uncensored communications" and that he is excused from showing an actual injury. Cf. Lewis v. Casey, 518 U.S. 343, 353 n.4 (1996) (repudiating the notion that the "actual injury" requirement be waived, even if a prisoner was absolutely deprived of all legal materials). Furthermore, the orders sent to Plaintiff from this court are public record and not confidential. Accordingly, Plaintiff pursues indisputably meritless legal theories in this action about the alleged violation of a VDOC policy, and this matter is dismissed without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 20th day of October, 2014.

Senior United States District Judge

2

Case 7:14-cv-00424-JLK-RSB   Document 8   Filed 10/20/14   Page 2 of 2   Pageid#: 86